EMELIO E., a juvenile *vs.* COMMONWEALTH. May 7, 2009. *Practice, Criminal, Juvenile delinquency proceeding. Juvenile Court,* Probation. *Global Positioning System Device. Statute,* Construction.

The juvenile, who has been charged with certain sex offenses by complaint in the Juvenile Court, filed a petition in the county court pursuant to G. L. c. 211, § 3. In the petition, he seeks relief from an order of a Juvenile Court judge imposing, pursuant to G. L. c. 265, § 47 (§ 47), a requirement that he wear a global positioning system (GPS) device as a mandatory condition of his release on probation pending trial.[1] A single justice reserved and reported the case to the full court. For reasons set forth in our decision in *Commonwealth* v. *Raposo, ante* 739, 740 (2009) (*Raposo*), we conclude that § 47 does not apply to the juvenile while he is on probation pending trial.[2]

On January 22, 2008, the then thirteen year old juvenile was arraigned in the Fall River Division of the Juvenile Court Department on three delinquency complaints: one complaint of rape of a child under the age of sixteen by use of force (G. L. c. 265, § 22A), and two complaints charging rape of a child under the age of sixteen (G. L. c. 265, § 23). Both offenses are among the sex offenses to which § 47 applies. See § 47; G. L. c. 6, § 178C. At the arraignment, the Commonwealth moved for an order of pretrial detention or release on conditions pursuant to G. L. c. 276, § 58A. The "dangerousness" hearing was continued to the following day on a finding of probable cause.

The next day, the Commonwealth withdrew its motion for a dangerousness hearing, and the juvenile was released under supervision prior to trial, subject, among other conditions, to the requirement that he wear a GPS device (GPS requirement).[3] On February 5, 2008, the juvenile moved to be released from the GPS requirement. The judge denied the motion on the ground that § 47 "as currently written requires a GPS device to be worn at all times while under the supervision of probation for one of the enumerated acts. As such the Court cannot waive said statutory requirement." The juvenile then filed this petition for review under G. L. c. 211, § 3.[4]

This case is governed by our decision in *Raposo, supra* at 740, in which we held that § 47 "does not apply *to persons placed on probation prior to trial and prior to conviction or entry of a plea of guilty or admission to facts sufficient for a finding of guilt*" (emphasis added). The juvenile has not been adjudicated as a delinquent child or youthful offender, see G. L. c. 119, § 58,

---

[1]See *Commonwealth* v. *Raposo, ante* 739, 740 (2009) (*Raposo*) (describing global positioning system [GPS] device). The order further required, in connection with the GPS device, that the juvenile be monitored by the Juvenile Court's probation department while on pretrial probation.

[2]The single justice included an "agreed statement of facts and issues presented," filed jointly by the parties, in the record before the full court. Our disposition does not require us to reach the issues as presented by the parties.

[3]The parties disagree as to whether the supervised release was pursuant to G. L. c. 276, § 87, or G. L. c. 276, § 58. The distinction has no bearing on our resolution of this case.

[4]The juvenile argues that he has no other remedy to challenge the imposition of a GPS requirement under G. L. c. 265, § 47 (§ 47), and therefore G. L. c. 211, § 3, represents his only avenue of relief. The Commonwealth does not advance a jurisdictional challenge to the petition before us, and therefore we treat any jurisdictional issue as waived. See *Matter of Hilary,* 450 Mass. 491, 496 n.10 (2008).

453 Mass.                      1025

Rescript Opinions.

and has not admitted to facts sufficient for such an adjudication. The judge was therefore incorrect in concluding that § 47 required imposition of GPS monitoring in this case.[5] Independent of § 47, the judge retains discretion to impose, or not impose, GPS monitoring as a condition of pretrial probation. See *Raposo, supra* at 748 n.10.

The case is remanded to the county court where the petition for relief is to be granted, and the matter remanded to the Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*

*Sharon N. Chaitin-Pollak*, Committee for Public Counsel Services (*Beth L. Eisenberg*, Committee for Public Counsel Services, with her) for the juvenile.

*Rachel J. Eisenhaure*, Assistant District Attorney, for the Commonwealth.

---

[5]The inapplicability of § 47 is even clearer here than it was in *Raposo, supra* at 740. Section 47 refers to individuals placed on a "term of probation." A "term" signifies a "fixed period of time." Black's Law Dictionary 1510 (8th ed. 2004). See, e.g., G. L. c. 21L, § 3 (*a*), (*e*) (treating "term" of probation as probation of fixed duration); G. L. c. 90, § 24E (same). The juvenile in this case was placed on pretrial probation pending trial, with no fixed time period attached; this form of probation does not fit easily into the category of a "term of probation." (In contrast, the defendant in *Raposo* was placed on a fixed term of probation — two years — pursuant to G. L. c. 276, § 87, but because the probationary term was pretrial, and because we concluded in *Raposo* that § 47 does not apply to an order for pretrial probation under c. 278, § 87, the fact that there was a term associated with the defendant's probation was not dispositive.)